UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leib Kupczyk,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br>-v.-<br>Midland Credit Management, Inc.;<br>Defendant(s). | Case No: 7:22-cv-8393<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leib Kupczyk ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Midland Credit Management, Inc. ("Midland" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act found that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collection Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Orange.

8. Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o Corporation Service Company at 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

   a. with addresses in the State of New York;

   b. to whom Defendant Midland sent a letter;

   c. attempting to collect a consumer debt;

   d. providing that the individual was pre-approved for a discount program to repay the debt with three options as follows:

      i. 10% off to repay in one installment;

      ii. 5% off to repay in six installments;

      iii. Monthly payments as low as $50.00 per month;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is

whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent

       class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats the above allegations as if set forth herein.

20.    Some time prior to February 15, 2022, Plaintiff allegedly incurred an obligation to non-party Synchrony Bank.

21. The obligation arose out of a transaction involving a debt to Synchrony Bank in which money, property, insurance or services, that are the subject of the transaction(s), were incurred solely for personal purposes.

22. The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. Synchrony Bank is a "creditor" as defined by 15 U.S.C. § 1692a (4).

24. Upon information and belief, Synchrony Bank assigned the account to Midland to collect the alleged debt.

25. Midland collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – February 15, 2022 Collection Letter*

26. On or about February 15, 2022, Defendant Midland sent Plaintiff a collection letter, a copy of which is attached as Exhibit A (the "Letter").

27. The collection Letter sets forth that the Plaintiff was pre-approved for a discount program to repay the debt with three options as follows:

   i. 10% off to repay in one installment;
   
   ii. 5% off to repay in six installments;
   
   iii. Monthly payments as low as $50.00 per month;

28. The third option provided by Defendant is not adequately explained and results in two different possible interpretations.

29. First, Option 3 might be construed to be an option where a discounted amount is being paid in monthly payments of $50 a month.

30. Second, Option 3 might be construed to be an option where monthly payments of $50 would be made until the debt is paid off.

31. In addition, if Option 3 means that the $50 payment would be made until the debt is fully paid off, the Letter is deceptive because it describes all three options as "options designed to save you money." If the debt is being paid in full under Option 3, it is not a discount program and therefore the Letter is deceptive.

32. By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading.

33. Plaintiff was uncertain as to whether the third option was a discounted option at all because it did not provide for a percentage off, only a monthly payment without explanation.

34. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

35. Defendant misled Plaintiff with a hollow "discount program" by using a deceptive accounting of the third payment option.

36. Defendant's actions were false, deceptive, unfair, and/or misleading.

37. Plaintiff was concerned and left uncertain by the Letter.

38. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

39. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect.

40. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

41. Because of this, Plaintiff expended time and money in determining the proper course of action.

42. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

43. Additionally, in reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of Defendant's negative collection information furnishment, and ultimate dissemination, to third parties.

44. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect inaccurate monies.

45. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused a missed opportunity to settle at a discount, to the Plaintiff's financial detriment.

46. Moreover, Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant to furnish negative collection information to the credit bureaus that were ultimately disseminated to third parties, to the Plaintiff's financial and reputational detriment.

47. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

48. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

49. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

51. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

52. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

54. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

55. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

56. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

57. Plaintiff repeats the above allegations as if set forth herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendant violated said section, inter alia, by:

    a. Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

    b. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10);

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats the above allegations as if set forth herein.

63. Additionally, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65. Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Leib Kupczyk, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert T. Yusko, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 30, 2022                                   Respectfully submitted,

**Stein Saks PLLC**
/s/ Robert T. Yusko
By:  Robert T. Yusko, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@SteinSaksLegal.com
*Attorneys for Plaintiff*